**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1189**

HILDA MENDEZ AGUILAR,

                    Petitioner,

          v.

ERIC H. HOLDER, JR., Attorney General,

                    Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  September 19, 2013        Decided:  October 4, 2013

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Anna Aita, LAW OFFICES OF ANNA AITA, Glen Burnie, Maryland, for Petitioner.  Stuart F. Delery, Acting Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Jessica E. Sherman, UNITED STATES DEPARTMENT OF JUSTICE, Office of Immigration Litigation, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hilda Mendez Aguilar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("Board") order dismissing Mendez Aguilar's appeal from the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss the petition for review in part and deny it in part.

We first note that the agency denied Mendez Aguilar's request for asylum on the ground that she failed to establish, by clear and convincing evidence, that she filed her asylum application within one year of her last arrival in the United States, and failed to establish extraordinary circumstances to excuse the late filing of her application. See 8 U.S.C. § 1158(a)(2)(B) (2006); 8 C.F.R. § 1208.4(a)(2) (2013). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2006), and conclude that Mendez Aguilar has not raised a constitutional claim or question of law that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2006). See Gomis v. Holder, 571 F.3d 353, 358–59 (4th Cir. 2009). Given this jurisdictional bar, we cannot review the underlying merits of her asylum claim. Accordingly, we dismiss this portion of the petition for review.

Mendez Aguilar next challenges the agency's denial of her request for withholding of removal. "Withholding of removal is available . . . if the alien shows that it is more likely than not that her life or freedom would be threatened in the country of removal because of her race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (internal quotation marks omitted); see 8 U.S.C. § 1231(b)(3) (2006). An alien "must show a 'clear probability of persecution' on account of a protected ground." Djadjou v. Holder, 662 F.3d 265, 272 (4th Cir. 2011) (quoting INS v. Stevic, 467 U.S. 407, 430 (1984)), cert. denied, 133 S. Ct. 788 (2012). To qualify for relief, the alien must show that the persecution suffered or feared was or would be committed by the government or by forces that the government is unwilling or unable to control. Crespin-Valladares v. Holder, 632 F.3d 117, 128 (4th Cir. 2011).

Our review of the record confirms that substantial evidence supports the agency's finding that Mendez Aguilar failed to satisfy her burden of proving that she faces a clear probability of future harm by her abusive former partner. Mendez Aguilar testified that she has had no contact with this man, who is a Mexican citizen, since 2007. Moreover, as the Board noted, there is no evidence in the record to establish that the Guatemalan authorities are unable or unwilling to

control the abuser's actions, let alone evidence that would *compel* a contrary conclusion. <u>See</u> 8 U.S.C. § 1252(b)(4)(B) (2006).

Finally, Mendez Aguilar seeks review of the agency's denial of her request for protection under the CAT. But in her notice of appeal to the Board, Mendez Aguilar failed to raise any argument in support of her eligibility for this form of relief. We thus lack jurisdiction to review this unexhausted claim, <u>see</u> 8 U.S.C. § 1252(d)(1) (2006), and dismiss it accordingly. <u>Kporlor v. Holder</u>, 597 F.3d 222, 226-28 (4th Cir. 2010).

For these reasons, we dismiss the petition for review in part and deny it in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART
AND DENIED IN PART</u>

4